White, J.
• This proceeding is instituted against the board of commissioners of Hamilton county, to compel the allowance of a claim of the relator against the county for expenses incurred as attorney’s fees in prosecuting sundry suits for the collection of taxes. The relator was treasurer of Hamilton county for two years^ commencing September 5, 1872, and these expenses were incurred by him as treasurer, during his term.
The first question arising in the case is, whether the allowance of a claim of this character is authorized by law.
By section thirty-eight of the tax law of April 5, 1859 (S. & C. 1454), it is made the duty of the .treasurer, when •he shall be unable otherwise to collect certain taxes, to institute legal proceedings for their collection. The services in question were rendered in prosecuting proceedings under this section.
By section four of the act of-April 2,1859 (S. & C. 1476), in case of default in the payment of taxes, it is provided, that “ the county treasurer shall proceed to collect the same by distress or otherwise, as may at the time be prescribed by law, together with a penalty of five per centum on the amount of taxes so delinquent, which penalty shall be for the use of the treasurer as a compensation for such collections.”
On the 6th of April, 1870, an act was passed limiting the compensation of certain officers in Hamilton county, and, among others, the treasurer.
*368 Section one declares that the fees, costs, percentages,. penalties, allowances, and all other perquisites, which the officers therein named may be authorized to charge, receive, and collect for official services, shall thereafter be received and collected by them respectively, to and for the sole use of the county treasury, as public moneys belonging to the county, and not otherwise, and shall be accounted for and paid over in the manner therein provided.
The third section, after providing for the number and compensation of all deputies, clerks, book-keepers, and all other assistants employed by the several officers, declares as follows: “ The county commissioners shall allow and order to be paid as other claims against the county, all other reasonable expenses necessary to the proper discharge of the duties of any of the above-named officers. . .”
Section five prescribes the maximum annual compensation to be allowed to the several officers. This compensation is to be paid out of the county treasury, from the costs, fees, percentages, allowances, perquisites and penalties by them respectively collected, after having first deducted therefrom the amounts allowed fór the payment of deputies, clerks, book-keepers and other assistants, and the “ other necessary expenses of said officers.”
Section seven provides, that the act shall not be construed so as to make the county or the county commissioners liable to any of the officers, or their deputies or other assistants named, “ for the payment of any salary or compensation, except out of the fees, costs, etc.,” collected by such officers respectively.
In view of this statute and the change in the former law which it was designed to effect, we are satisfied that expenses reasonably incurred by the treasurer in employing attorneys for prosecuting suits which it is his duty to bring for the collection of taxes, come within the reasonable expenses which the commissioners are required to allow him under the act.
The duty enjoined on the treasurer to resort to the courts for the collection of taxes when necessary, is in no way *369 qualified by the act. The penalties that he was allowed by the former law, as a compensation for collection, are transferred to the county and made public money. And in the new rule of compensation introduced, the reasonable expenses necessary to the discharge of the treasurer’s duties, which are not otherwise provided for, are distinguished and separated from the.compensation allowed for his services, and made claims against the county.
The next question is, whether the facts make a ease for the issuing of a peremptory writ.
The writ may be issued, to compel the performance of an act, which the law specially-enjoins as a duty resulting from an office, trust or station. But though it may require an inferior tribunal to exercise its judgment, or proceed to the discharge of any of its functions, it can not control judicial discretion. Code, sec. 569.
Thus, if the commissioners refused to take cognizance of or act upon the claim in question, when properly brought before them, they may be compelled to do so by mandamus. Their action in such case would not be the exercise of discretion, but a refusal to take cognizance of a matter upon which the law required them to act and pass judgment.
On the other hand, if the commissioners, recognizing their authority to act on the claim, considered it on the merits, and decided against its validity, the remedy of the relator is not by mandamus, but by appeal to the Court of Common Pleas, under the statute. 1 S. & C. 247, sec. 18.
The right of the relator to be paid out the county treasury is founded exclusively on the statute, which also provides for the allowance of the claim by the county commissioners before it can be paid. "Where such is the character of the claim, and a party feels himself aggrieved by the decision of the commissioners on the merits, his only remedy is by appeal. Shepard v. The Comm'rs, etc., 8 Ohio St. 354. The rule is thus stated in that case: “ Where a claim against a county is of such a nature that, but for. the statute, no right of action at common law would exist on *370 the claim against the county, the remedy prescribed by statute must be pursued, and no cumulative remedy exists.”
The averment in the alternative writ is that the claim was presented by the relator to. the board of commissioners, with the request that it should be allowed and ordered to be paid, and that they were at the same time advised fully of the nature of the claim; but that the board refused to allow it or order it to be paid. There being no answer, this averment stands admitted. But it does not show that the board refused to act on the claim for want of authority. On the contrary, the presumption is that they did act on it, and decided against it on the merits.
The averment that the claim is for reasonable and necessary expenses incurred by the relator in the discharge of his duties, is not properly triable on mandamus. The •claim should be first liquidated before the proper tribunal according to the ordinary course provided by law in such cases; and if after such liquidation payment should be refused, mandamus may be resorted to, to enforce it.
It also appears that the attorneys rendering the services recovered judgment against the relator, and it seems to be supposed that this judgment constitutes a liquidation of the claim as against the county. But such is not the case. The county commissioners were no parties to the suit, and .are not bound by the judgment. The litigation as to them was res inter alios acta.

Peremptory writ refused.

Welch, C. J., Bex, Gilmore, and McIlvaine, JJ., concurred.